## Gibson, Appellant, *v.* Hughes.

When the indorser of a note on which judgment has been obtained, applies under the statute to protect his own property from execution, by showing that of his principal, he must identify the property in such a way as to enable the creditor or sheriff to make the levy.

APPEAL from chancery.

At the May term of the circuit court for the county of Warren, B. Hughes obtained judgment against Gibeon Gibson as the maker of a promissory note, and Ambrose Gibson as indorser, in the amount of $7,597. The plaintiff in the execution, in pursuance of the statue, filed his affidavit in the clerk's office, stating that the said Gibeon Gibson, the drawer of the note, had not, to the best of his knowledge or belief, any property in this state out of which the amount of the judgment could be made. Execution then issued against Ambrose Gibson, who in June, 1839, filed his bill in chancery against the plaintiff in execution, enjoining said judgment, alleging that Hughes was mistaken in supposing that Gibeon Gibson had no property in the State of Mississippi subject to the execution; that he was the owner of, and has, subject to said execution, two thousand three hundred and eighty five acres of land in Washington county, on the bank of the Bayou Phelia, in townships 22 and 23, and range 7, west; and he further alleged that Gibeon Gibson has other lands, if those above were not sufficient to satisfy the execution, the location and description of which the complainant alleged he would furnish. The bill prayed that the lands of said G. Gibson might be sold to satisfy the judgment.

There was a demurrer to the bill, assigning for cause, that the property was not sufficiently described to authorize a levy by the officer.

G. S. Yerger, for appellant.

1. It is objected that the bill does not allege the land lies in Mississippi; that Washington county might be in any other state, &c. The bill in the preceding sentence says, "that Hughes was mistaken in supposing Gibeon Gibson had *no lands in Mississippi*," and then immediately follows, that said Gibson was the owner, &c., in Washington county. The two sentences, taken in connexion with each other, demonstrably prove the averment to mean Washington county in Mississippi.

2. It is next objected that the bill does not set out his title, &c. The *bill avers he is the owner,* and has, *subject to said execution, said land.* If he is the *owner* of the land, which *the demurrer admits, and if it is subject to the execution, which the demurrer also admits,* it seems pretty clear that a sale under the execution would vest the title in the purchaser. He certainly cannot be the owner of land, and not have a title to it.

3. It is said the land is not pointed out with sufficient precision. It says it lies in Washington county, in townships 22 and 23, range 7, west, on the bank of the *Bayou Phelia.* The section is omitted in the description; but if the land is identified, although the section is omitted, it will pass in a deed or will. The land lies in sections 22 and 23, range 7, on a *certain bayou.* Suppose this was in a deed, would it not pass the land? Unquestionably it would. Certainty to a common intent is all that is necessary.

The act, H. & H. p. 596, says that the sheriff shall not levy on the property of the indorser, unless an affidavit is made that the principal has no property in the state out of which the plaintiff's money can be made.

The 42d section is still stronger. It says, if the plaintiff cause to be levied an execution on any surety or indorser's property, when the principal *has sufficient property in the state to satisfy said execution,* the party so offending shall be a trespasser, &c.

Under this provision, if he knows the principal has property in the state, he must, at his peril, proceed against it. If he is informed that the principal has real property in a particular county, this is sufficient without any other description. He has got the information that he has property in the state, and when he is informed

Gibson, Appellant, *v.* Hughes.

it is in a particular county, all he has to do is to look on the Register's books, and he will find it. If it is not there, it is not subject to levy; if it is there, it is subject to levy.

This case cannot be distinguished from the case of Moss *v.* The Agricultural Bank. If this bill is not sustained, the whole policy of the law will be defeated.

Thrasher, for appellees.

The original bill in the case at bar, presents no conceivable grounds for equitable interference, such as fraud, surprise, accident, trust, oppression or violation of law by the defendant. The statute which regulates the issuing of an execution at law is the 38th section, p. 596, in Howard and Hutchinson's Compilations of the Statutes, which declares that it shall be the duty of the sheriff in all cases to make the money on executions out of the drawer or drawers, acceptor or acceptors; and in no case shall a levy be made on the property of any security or securities, indorser or indorsers, unless an affidavit from some creditable person be made and filed among the papers in the case, setting forth that the principal or principals have no property in the state, out of which the plaintiff's money and costs can be made; and in such event the plaintiff may proceed with the execution against the defendants next liable, and so on until his execution be satisfied.

The bill shows that the appellee Hughes has made the affidavit required by law. The appellee has therefore done his duty, and the law requires no more of him. Why, then, should he be delayed in his execution? he is to make but one affidavit, and it is the only act the law requires of him previous to a levy on the property of the indorser. This being a statute in derogation of the rights of the party at common law, is to be construed strictly, and to follow the letter of the law, is all that can be required. The affidavit previous to the levy on the property of the indorser follows the law even to the letter and punctuation, and leaves no ground of equitable relief.

But even admitting that the indorser after such an affidavit could come into court and show that the principal still had property out of which the money could be made, it would not be enough to swear that he had property and thereby set the parties

to hunting, but he should point it out in such specific manner as to enable the sheriff to levy, and show that he had such title as could be sold under execution, and that it was in the state, and that it was sufficient to satisfy the execution and cost; otherwise it could not suspend the execution under the law, even admitting the premises.

Has the appellant under this view of the case showed enough? he has not even showed that the 2385.55 acres are in the state.— It is true he swears that it is in Washington county; but where is Washington county? He also alleges by way of description that the land is in townships 22 and 23, range 7, west; but a township is six miles square and contains thirty-six sections of six hundred and forty acres each, or 23,040 acres. How then is the sheriff to find it, or to identify it from such description? It would be impossible; as a part of the history of the county, the sheriff or party might know, that the land in those townships had been sold by the government at Chocchuma land office, but to whom or to what name did the title pass from the government. It is impossible however that such a showing can be deemed sufficient to entitle the appellant to relief. The bill does not show that the property disclosed is sufficient to satisfy the execution and cost. The sole object however of the bill seems to be, not to disclose property of the principal out of which the money could be made, but to swear that the principal has property and to conceal its identity and location, so as to delay the execution by keeping the party continually hunting; otherwise to disclose it by littles not sufficient to satisfy the execution, and thus to tamper with law and the rights of the appellee. Such a showing cannot, it is conceived, entitle the party to relief, and therefore the demurrer was well sustained by the chancellor, and the bill properly dismissed.

Opinion of the court by TURNER, Justice.

The complainant has not shown enough to entitle himself to the protection of the court against a levy on his property. The statute which exempts the property of indorsers from execution until a levy is made on that of the drawers and acceptors, is in derogation of the principles of common law, and must receive a strict construction. The plaintiff at law has complied with the statute;

Gibson, Appellant, *v.* Hughes.

and if he has sworn falsely in his affidavit, he is subject to the penalties of the law.

If the complainant, who was the indorser on the note or bill sued on, wishes to invoke the aid of the courts of justice in protecting his property from levy and sale, he must do his part fully and fairly. He has not pointed out and identified the property of his principal, in such manner as to enable the creditor or sheriff to make the levy.

The decree of the chancellor must be affirmed, without prejudice.